# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 14-00099-CG-N |
| CINCINNATI INSURANCE COMPANY, et al. | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Defendant Cincinnati Insurance Company ("CIC") and Defendants All Crane Rental of Alabama, LLC ("All Crane") and TEK Aerial Lifts, LLC ("TEK") have filed two motions (Docs. 19 and 23 respectively) to dismiss the complaint for declaratory judgment filed by Plaintiff New Hampshire Insurance Company ("NHIC"), both asserting NHIC has failed to join, as an indispensable party, SMP Welding, LLC ("SMP"). NHIC has responded (*see* Doc. 26), and the defendants have filed replies (Docs. 27 and 28). The motions are now before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2, for entry of a report and recommendation. And for the reasons explained below, it is **RECOMMENDED** that the motions be **DENIED**.

### I.  Applicable Background

NHIC issued a commercial general liability policy to ThyssenKrupp Steel & Stainless USA, LLP ("TK") as part of an Owner-Controlled Insurance Program

("OCIP") for a one-year period, from February 8, 2009 to February 8, 2010. NHIC's four-count complaint for declaratory judgment, filed in this Court on March 6, 2014, stems from a state-court judgment awarded to Defendant Christopher Hill as a result of injuries he sustained because of a manlift accident on or about October 30, 2009 while working at TK's plant near Mobile, Alabama ($1,000,000 in compensatory damages against SMP,[1] All Crane, and TEK; and $700,000 in punitive damages on a wantonness claim against All Crane).[2] Appeals of that judgment are currently pending before the Alabama Supreme Court.

Through this action, NHIC asks that this Court make four determinations: (1) determine that NHIC has no duty to defend or indemnify All Crane under the policy it issued to TK; (2) determine that NHIC has no duty to fund the judgment awarded Hill against All Crane and/or TEK; (3) apportion payment of the compensatory damages award among the parties; and (4) apportion payment of the damages award against All Crane between NHIC and CIC.

NHIC's response to the motions to dismiss (Doc. 26) is lengthy. The replies, however, are short. Through their reply to NHIC (Doc. 27), "[b]ased on representations made by NHIC and its counsel in its Response," All Crane and TEK withdrew their motion to dismiss (*see id.*, ¶ 3). While in its reply (Doc. 28), CIC has

---

[1] As a result of post-trial motions, the compensatory award against SMP was remitted by $49,466.51.

[2] According to NHIC's complaint, pursuant to a contract between them, SMP leased a manlift from All Crane. Their contract provided that SMP must name All Crane as an additional insured on its commercial general liability coverage. SMP's insurer is CIC. And TEK is All Crane's parent company.

made clear that its concern—presumably the sole reason now underlying its motion to dismiss—is that, "disposing of [this declaratory judgment] action in [SMP's] absence may . . . leave [CIC] subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of [SMP's] interest . . . relating to the subject of [this] action . . . ." FED. R. CIV. P. 19(a)(1)(B)(ii). Specifically,

> CIC is not concerned with what might happen should SMP or some other party file a second lawsuit; CIC is primarily concerned with the appeal of the underlying [state] lawsuit. The Alabama Supreme Court is being asked to review the judgment entered against All Crane, TEK, and SMP, and could affirm as to all three, reverse as to all three, affirm as to one or more, affirm or reverse as to punitive damages, affirm or reverse as to compensatory damages, and in doing so will discuss the liability and culpability of all three Defendants. . . . [In sum, the] relief [NHIC seeks in this Court] would most definitely put the parties to this declaratory action potentially at odds with any decision of the Alabama Supreme Court, making it impossible for one or more of these Defendants to comply with the Orders of both Courts.

(Doc. 28 at 2-3.)[3]

## II. <u>Legal Standard ("Required Party" under Rule 19(a))</u>

Dismissal of an action pursuant to Rule 12(b)(7), for failure to join a party under Rule 19, is "a two-step inquiry":

> First, [a court must] decide whether an absent party is required in the

---

[3] In its motion, CIC has also argued SMP's absence means the Court cannot "accord complete relief among the existing parties[.]" FED. R. CIV. P. 19(a)(1)(A). (*See* Doc. 19-1 at 4-5.) To the extent this argument has not been abandoned, it is due to be rejected. Importantly, as the language of 19(a)(1)(A) makes clear, "[t]he 'complete relief' factor is 'concerned only with "relief as between the persons already parties, not as between a party and the absent person whose joinder is sought."'" *In re Ginn-La St. Lucie Ltd., LLLP*, 420 B.R. 598, 603-04 (Bankr. S.D. Fla. 2009) (quoting *Eldredge v. Carpenters 46 N. Cal. Cntys. Joint Apprenticeship & Training Comm.*, 662 F.2d 534, 537 (9th Cir. 1981)). CIC simply has not shown that the SMP must be present to "accord [the] complete [declaratory] relief [NHIC seeks] among the existing parties."

3

case under Rule 19(a). *See Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). If the party is a required party, "the court must order that the person be made a party." FED. R. CIV. P. 19(a)(2). Second, if the parties cannot join the new party, the court must consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." FED. R. CIV. P. 19(b).

*International Importers, Inc. v. International Spirits & Wines, LLC*, No. 10–61856–CIV, 2011 WL 7807548, at *8 (S.D. Fla. July 26, 2011); *see also Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.*, 669 F.2d 667, 669 (11th Cir. 1982) ("[T]he court must [first] ascertain under the standards of Rule 19(a) whether the person in question is one who should be joined if feasible. If the person should be joined but cannot be (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue."); *accord Focus on the Family v. Pinellas Suncoat Transit Auth.*, 344 F.3d 1263, 1279-80 (11th Cir. 2003).[4]

> Rule 19 provides for joinder of an indispensable party where there is substantial risk of the defendant being subjected to a multiplicity of suits. It is well established under Rule 19 that all claimants to a fund must be joined to determine the disposition of that fund.[5] However,

---

[4] *See also Mid-Continent Cas. Co v. Basdeo*, No. 08–61473, 2009 WL 2450386, at *7-8 (S.D. Fla. Aug. 7, 2009) ("The first part of the test might be more clearly understood as involving two questions: whether the non-party should be joined and whether joinder is feasible. Where both a nonparty should be joined and joinder is feasible, the nonparty is 'required' or 'necessary' but not necessarily 'indispensable.' If so, then pursuant to Rule 19(a)(2), the Court must order that the person be made a party, rather than dismiss. Thus, **dismissal** for failure to join an indispensable party is **only appropriate where the nonparty cannot be made a party**." (internal citation omitted and emphasis added)).

[5] Of course, "[m]erely being a joint tortfeasor is not enough to make a party indispensable." *Bates v. Laminack*, 938 F. Supp. 2d 649, 660 (S.D. Tex. 2013) (citing *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7 (1990) ("It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.")). Neither does "[t]he fact that the existing Defendants may have some right of reimbursement, contribution, or indemnity against a non-party . . . make the non-party indispensable." *Id.*

> findings of indispensability must be based on stated pragmatic considerations, especially the effect on parties and on litigation. [Therefore,] Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. [That is, t]o say a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts the matter the wrong way around: ***a court does not know whether a particular person is "indispensable" until it has examined the situation to determine whether it can proceed without him***.

*In re Torcise*, 116 F.3d 860, 865-66 (11th Cir. 1997) (internal citations omitted and footnote and emphasis added); *see also Bates v. Laminack*, 938 F. Supp. 2d 649, 661 (S.D. Tex. 2013) ("To be a necessary and indispensable party, that party must have interests that they are ***unable*** to protect if the case goes forward without them. [However, s]ome interest and *some* adverse effect is insufficient." (citing *MasterCard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc.*, 471 F.3d 377, 387 (2d Cir. 2006)) (emphasis added)).

As *In re Torcise* implies, a party that "is not [ ] necessary [ ] within the meaning of Rule 19(a), by definition [ ] cannot be [ ] indispensable [ ] within the meaning of Rule 19(b)." *Scottsdale Ins. Co. v. Subscriptions Plus, Inc.*, 195 F.R.D. 640, 646 (W.D. Wis. 2000); *see also Challenge Homes*, 669 F.2d at 669 ("As many courts and commentators have noted, the term 'indispensable party' is merely a conclusion arrived at after completing the analysis in Rule 19." (citations omitted)). And in making this initial—"necessary"—determination, "'pragmatic concerns, especially the effect on the parties and the litigation,' control." *Focus on the Family*, 344 F.3d at 1280 (quoting *Challenge Homes*, 669 F.2d at 669 (in turn quoting *Smith*

---

(citations omitted).

5

*v. State Farm Fire & Cas. Co.*, 633 F.2d 401, 405 (5th Cir. 1980))); *accord In re Torcise*, 116 F.3d at 865.

### III. Analysis

In its reply, CIC cites a recent Eleventh Circuit decision, *Winn-Dixie Stores, Inc. v. Dolgencorp, LLC*, 746 F.3d 1008 (11th Cir. 2014), in which our court of appeals explicitly adopted the First Circuit's approach as to "inconsistent obligations" versus inconsistent adjudications or results. In *Dolgencorp*, the Eleventh Circuit rejected a claim by Defendant Big Lots that the absence of certain landlords would subject Big Lots to "inconsistent obligations" under Rule 19(a)(1)(B)(ii):

> [Big Lots] mistakes the meaning of this term. Big Lots labels as an inconsistent obligation a breach of contract claim against it brought by a landlord. Yet the resolution of a separate contract dispute between Big Lots and its landlord in no way conflicts with the district court's determination that Big Lots violated the grocery exclusive. As a panel of the First Circuit explained:
>
>> "Inconsistent obligations" are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum.

*Id.* at 1040 (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998) (per curiam), and citing *School Dist. of City of Pontiac v. Secretary of U.S. Dep't of Educ.*, 584 F.3d 253, 282 (6th Cir. 2009) (en banc) ("Inconsistent obligations arise only when a party cannot simultaneously comply with the orders of different courts."); *Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v.*

6

*California*, 547 F.3d 962, 976 (9th Cir. 2008) ("We adopt the approach endorsed by the First Circuit [in *Delgado*].")).

The Eleventh Circuit continued:

> Moreover, where two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages. *See Torcise*, 116 F.3d at 866. Here, the case on appeal involves claimed violations of the restrictive covenants, while Big Lots complains of secondary suits from landlords alleging breach of lease contracts. Big Lots does not face section (B)(ii) "inconsistent obligations," and has no other Rule 19(a) hook on which to hang its mandatory joiner hat.

*Id.* (internal citation modified).

It is certainly true that the courts in *Delgado* and *Dolgencorp* concluded that the risk of inconsistent obligations, as envisioned in Rule 19(a)(1)(B)(ii), does not include a risk that a party may be subject to liability to a party whose joinder is sought in a subsequent or secondary action arising from the same incident. *Compare Delgado*, 139 F.3d at 3 ("Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to **another** party in a **subsequent** action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to [Rule] 19(a)."), *with Dolgencorp*, 746 F.3d at 1040 (A party's concern regarding "**secondary** suits from [**nonparties**] alleging" a **different** cause of action did not amount to inconsistent obligations "because separate suits have different consequences and different measures of damages.") (emphases added); *see also Boone v. General Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir. 1982) (where "multiple litigation might result . . . [but there is] little

7

possibility of inconsistent obligations," Rule 19(a) is not implicated); *Wheeler Peak, LLC v. L.C.I.2, Inc.*, No. CIV 07–1117 JB/WDS, 2009 WL 2982817, at *12 (D.N.M. Aug. 15, 2009) ("The possibility of multiple litigation, and nothing more, is not enough to bring rule 19(a) to bear."); *Buquer v. City of Indianapolis*, No. 1:11–cv–0708–SEB–MJD, 2012 WL 76141, at *4 (S.D. Ind. Jan. 9, 2012) ("Courts around the country have previously concluded, as we do today, that a threat of multiple litigations does not necessarily implicate this subsection of Rule 19(a)." (collecting cases)).

CIC's position as to its alleged "inconsistent obligations" is more nuanced, however. Its stated concern is that, because the Alabama Supreme Court "will discuss the liability and culpability of [All Crane, TEK, and SMP,]" a decision by this Court will "most definitely put the parties to this declaratory action potentially at odds with any decision of the Alabama Supreme Court, making it impossible for one or more of these Defendants to comply with the Orders of both Courts." (Doc. 28 at 2-3.) The posture of this case—two active lawsuits arising from the same incident: a federal declaratory judgment action in which the allegedly indispensible party is a defendant in an underlying state action still on appeal—may be unique under Rule 19(a)(1)(B)(ii).[6] But CIC has not shown ***how*** SMP's absence from this

---

[6] In this regard, the First Circuit rejected an "inconsistent obligations" argument—reversing the district court's determination that it lacked subject matter jurisdiction (because the indispensable party's joinder destroyed complete diversity)—where a first-filed parallel case on appeal in the local Puerto Rico courts involved the same issues and included all the parties to an arbitration award, including BC, the party absent from the federal action concerning the same. *See Bacardi Int'l Ltd. v. V. Suarez & Co., Inc.*, 719 F.3d 1, 12 (1st Cir. 2013) ("Misinterpreting 'inconsistent obligations,' VSC argues that it faces a substantial risk of incurring conflicting judgments because of the earlier-filed

8

case subjects any party to a substantial risk of inconsistent obligations.[7]

> The definition of inconsistent obligations is [ ] fairly uniform, among both courts and commentators. Rule 19(a)(1)(B)(ii) does not attempt to stop different courts from rendering inconsistent judgments, but rather is aimed at ensuring that parties are not subject to conflicting commands from different courts. A party winning in one forum, but losing in another forum against a different party on claims stemming from the same incident, does not fall within the scope of the rule. In that situation, there may be some logical inconsistency between the two results, but the party can abide by both judgments at the same time. In other words, the party can fulfill its obligations under both orders. Rule 19(a)(1)(B)(ii) is concerned with the more fundamental clash of court orders that occurs when a party is subject to two judgments which it cannot obey simultaneously . . . .

*Wheeler Peak, LLC*, 2009 WL 2982817, at *12.

Because the Alabama Supreme Court "will discuss the liability and culpability of [All Crane, TEK, and SMP]" as to the underlying lawsuit, and even if the Supreme Court's conclusions somehow differ from any conclusions reached by this Court as to those parties, does not mean that—nor, more importantly, does not show ***how***—a party will be unable to comply with an order from the Supreme Court without breaching an order of this Court. As stated previously, "Rule 19(a)(1)(B)(ii)

---

petition in Commonwealth court. VSC ignores the distinction this circuit [drew in *Delgado*] in the Rule 19 context between inconsistent obligations and inconsistent adjudications or results. In contrast, inconsistent adjudications or results occur when a party wins on a claim in one forum and loses on another claim from the same incident in another forum. The risk of inconsistent adjudications results ***from the fact that there are two proceedings, not from BC not being a party in the federal case***." (citations omitted and emphasis added)). Interestingly, rather than reversing and remanding for further proceedings, the First Circuit instead ordered the district court "to stay further proceedings pending the outcome of the Commonwealth court proceedings." *Id*. at 13.

[7] For purposes of a court's Rule 19(a)(1)(B)(ii) analysis, it is important that proponents of the rule "provid[e] concrete examples of exactly how they may be subject to inconsistent outcomes without joinder of the [absent party]." *Buquer*, 2012 WL 76141, at *4.

9

protects a party against situations in which two court orders may be entered and compliance with one might breach the other. . . ." *Image Masters, Inc. v. Chase Home Fin.*, 489 B.R. 375, 396 (E.D. Pa. 2013) (citation and internal quotation marks omitted); *see also Dale v. Abeshaus*, Civil Action No. 06–CV–04747, 2013 WL 5379384, at *16 n.77 (E.D. Pa. Sept. 26, 2013) ("[A]n inconsistent obligation is not the same as inconsistent relief and Rule 19 protects against the former, not the latter." (citing *Sykes v. Hengel*, 220 F.R.D. 593, 596 (S.D. Iowa Apr. 27, 2004))). Thus, for purposes of Rule 19(a)(1)(B)(ii), it would not matter if an order from this Court "put[s] the parties to this declaratory action potentially at odds with [a] decision of the Alabama Supreme Court" (Doc. 28 at 3) so long as "a party can fulfill its obligations under both orders." *Wheeler Peak, LLC*, 2009 WL 2982817, at *7, *11, *12 (citing *Salt Lake Tribune Pub. Co., LLC v. AT & T Corp.*, 320 F.3d 1081, 1098 (10th Cir. 2003) as an example of inconsistent obligations: "being ordered to give the same property to two different people")).

Moreover, this declaratory judgment action concerns insurance coverage and apportionment of the damages awarded to Defendant Hill. It is not alleged that either issue was at play in the underlying lawsuit. Thus, while the declaratory judgment action and the underlying lawsuit arise from the same incident (the injuries suffered by Hill), they clearly involve different causes of action. As stated above, "[w]here two suits arising from the same incident involve different causes of action, defendants are not faced with the potential for double liability because separate suits have different consequences and different measures of damages."

10

*Dolgencorp*, 746 F.3d at 1040 (citing *Torcise*, 116 F.3d at 866)); *accord Image Masters*, 489 B.R. at 396 ("Where two suits arising from the same incident involve different causes of action, defendants are generally 'not faced with the potential for double liability because separate suits have different consequences and different measures of damages.'" (quoting *Delgado*, 139 F.3d at 3 (in turn citing *Torcise*, 116 F.3d at 866))).

Inconsistent obligations only come into play when it is shown that two or more parties in two or more suits (including potential suits) seek the same property or seek a judicial determination as to the same issue. In other words, an absent party with interests that compete or overlap with interests being adjudicated by a court is what gives rise to an inconsistent obligation as contemplated in Rule 19(a)(1)(B)(ii). *Compare JPMorgan Chase Bank, N.A. v. Sharon Peters Real Estate, Inc.*, Civil Action No. 5:12–cv–1172–XR, 2013 WL 3754621, at *3 (W.D. Tex. July 15, 2013) ("[The absent] Mr. Love may bring an action in state court to quiet title to the Property which, if successful, would impose an additional obligation on SPRE related to the subject matter of this suit. Furthermore, the state court and this Court could come to opposite conclusions regarding the validity of the foreclosure sale and SPRE's title, leaving SPRE subject to inconsistent obligations." (citation omitted)), *with Estate of McFarlin ex rel. Laass v. City of Storm Lake*, 277 F.R.D. 384, 393 (N.D. Iowa 2011) ("Double or multiple obligations exist when two or more parties claim the same or overlapping interests in one asset that is the subject of the action." (citing *Capitol Med. Ctr., LLC v. Amerigroup Md., Inc.*, 677 F. Supp. 2d

188, 192-93 (D.D.C. 2010)); *compare OBOWU Dev. Union USA, Inc. v. Igwe*, No. BPG–10–3554, 2012 WL 4324896, at *8 (D. Md. Sept. 18, 2012) ("Here, plaintiffs seek a declaratory judgment that Mr. Iwu is the current Chairman of OBOWU and that defendants have no authority to act on OBOWU's behalf.  If this action is allowed to proceed without Mr. Iwu, Mr. Iwu could file suit in another court to protect his interests.  Accordingly, Mr. Iwu is also a necessary party to this action because permitting this suit to continue in his absence would subject the existing parties in this matter to the risk of inconsistent judgments."[8] (citations omitted)), *with Estate of McFarlin*, 277 F.R.D. at 393-94 ("A defendant is typically exposed to inconsistent obligations in actions seeking injunctive or declaratory relief where two or more parties have competing interests with respect to the subject matter of the action and failure to bind all interested parties in the same action may result in incompatible judgments." (citing *Coastal Commc'ns Serv., Inc. v. City of N.Y.*, 658 F. Supp. 2d 425, 451 (E.D.N.Y. 2009)); *see also American Ins. Co. v. St. Jude Med., Inc.*, 597 F. Supp. 2d 973, 978 (D. Minn. 2009) (rejecting the argument (as merely raising the risk of inconsistent adjudications, not inconsistent obligations) that if the absent party "is not joined, St. Jude may be subject to inconsistent obligations because this court could determine that the Policy does not cover the Products Litigation and a court in a separate action brought by St. Jude against Willis could reach the opposite conclusion.  These inconsistent results would leave St. Jude with a $50 million gap in insurance coverage.").

---

[8] It is clear that here "judgments" means declaratory judgments and that "inconsistent judgments" does not mean "inconsistent obligations."

## IV. Conclusion

Because it has not shown that the absence of SMP subjects any party to inconsistent obligations, it follows that SMP is neither a necessary nor required party and, thus, cannot be an indispensable party. Accordingly, this case may move forward without SMP, and it therefore is **RECOMMENDED** that the motions to dismiss (Docs. 19 and 23) the complaint (Doc. 1) be **DENIED**.

## V. Notice of Right to File Objections

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 25th day of June, 2014.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**