IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| NEW HAMPSHIRE INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:14-99-CG-N |
| CINCINATTI INSURANCE COMPANY; ALL CRANE RENTAL OF ALABAMA, LLC; TEK AERIAL LIFTS, LLC; and CHRISOPTHER BROCK HILL | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER

This matter is before the Court on the motion to abstain and dismiss, or stay (Docs. 39, 40), filed by All Crane Rental of Alabama, LLC ("All Crane"), TEK Aerial Lifts, LLC ("TEK"), and Cincinnati Insurance Company ("CIC") (collectively, "Defendants"). New Hampshire Insurance Company ("NHIC") responded and asked this Court to deny the motion to abstain and dismiss, or alternatively to stay the case until a motion to dismiss in a similar state action is decided. (Doc. 45). Defendants replied to NHIC's response, (Doc. 46), and NHIC filed a surreply. (Doc. 50). For the reasons stated below, Defendants' motion to dismiss is due to be granted, and the motions to stay are due to be denied as moot.

## I. BACKGROUND

This declaratory judgment action concerns insurance coverage and apportioning the damages from a verdict awarded to Christopher Brock Hill. Hill

1

sued Defendants, SMP Welding, LLC ("SMP"), and others in state court after he sustained injuries while working on a manlift at the ThyssenKrupp Steel & Stainless USA, LLP ("TK") plant outside Mobile, Alabama. (Doc. 40, pp. 7 – 8). At the time of the accident, Hill was a Canadian citizen and a Mississippi resident. (Doc. 40, Exh. 3, p. 2). TEK, an Ohio LLC, owned the manlift. (Doc. 40, Exh. 3, p. 1). SMP leased the manlift from All Crane, a TEK affiliate. SMP and All Crane are also Ohio LLCs. (Doc. 40, Exh. 3, p. 1). CIC, an Ohio corporation, provided commercial general liability coverage for SMP. NHIC, a corporate citizen of New Hampshire and New York, issued a commercial general liability policy that provided coverage to TK as well as certain other parties at the plant. (Doc. 40, p. 5, n. 2).

Following a jury trial, Hill obtained a $1.7 million verdict in his favor. The verdict consisted of $1,000,000 in compensatory damages against SMP, All Crane, and TEK, and $700,000 in punitive damages against All Crane. (Doc. 40, p. 10). That case is currently on appeal to the Alabama Supreme Court. (Doc. 45, p. 5).

On March 6, 2014, NHIC filed this action, seeking four determinations related to the underlying Hill verdict: (1) that NHIC has no duty to defend or indemnify All Crane under the policy it issued to TK; (2) that NHIC has no duty to fund the judgment awarded Hill against All Crane and TEK; (3) apportion payment of the compensatory damages award among the parties; and (4) apportion payment of the damages award against All Crane between NHIC and CIC. (Doc. 1, pp. 6 – 11). NHIC did not include SMP as a party to this action. On April 16, 2014, Defendants filed motions to dismiss pursuant to Rule 12(b)(7) for failure to join a party, SMP, under Rule 19. (Docs. 19, 22). This Court determined SMP is not a

2

necessary or indispensable party to this action (Doc. 32), and NHIC admits SMP is entitled to coverage under its policy (Doc. 45, p. 4).

On June 20, 2014, Defendants filed a separate lawsuit in the Circuit Court of Mobile County, Alabama that challenges the actions of NHIC and SMP during the Hill case.[1] (Doc. 40, Exh. 3). The complaint in that action, which is attached as an exhibit to Defendants' motion, includes several allegations and counts: (1) false statements made by NHIC; (2) negligence or wantonness by NHIC; (3) SMP's breach of the lease; (4) SMP's breach of forbearance agreement; (5) promissory fraud by SMP; (6) conspiracy to commit promissory fraud by NHIC; and (7) negligent or bad faith failure to settle by NHIC. (Doc. 40, Exh. 3, pp. 11 – 15). Defendants also seek a declaratory judgment regarding the rights and obligations of All Crane, TEK, SMP, and NHIC under the lease agreements and insurance policies. (Doc. 40, Exh. 3, pp. 15 – 17).

Defendants now move this court to dismiss because (1) there are duplicative issues raised in the pending state action filed June 20, 2014, (2) the initial Hill lawsuit remains pending before the Alabama Supreme Court, and (3) the Ameritas factors weigh in favor of abstention.[2] (Doc. 39, pp. 1 – 2). Alternatively, Defendants

---

[1] All Crane and TEK filed the state action, and CIC intervened on August 8, 2014. (Doc. 45, p. 2, n. 1).

[2] The parties do not dispute that Defendants are within their procedural rights to bring this second motion to dismiss. Fed. R. Civ. P. 12(g)(2) reads, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Defendants previously filed a Rule 12(b)(7) motion for failure to join a party under Rule 19. When Defendants filed that motion, Defendants did not have this defense or objection available to them as no parallel state action then existed. See Skrtich v. Thornton, 280 F.3d 1295, 1306 (11th Cir. 2002) (discussing Rule 12(g) prohibiting a party that has previously filed a motion to dismiss from filing a second pre-

3

wish to have this case stayed pending resolution of the action in state court. (Doc. 39, p. 1). NHIC argues Defendants' state claims should have been filed in federal district court as compulsory counterclaims, and the state court must dismiss the June 20 action pursuant to Alabama's abatement statute.[3] (Doc. 45, pp. 2, 8; Doc. 50, pp. 2 – 3). A state court hearing is scheduled for October 10, 2014 regarding NHIC's motion to dismiss Defendants' state action. (Doc. 45, p. 13).

## II. ANALYSIS

### 1. The Alabama Abatement Statute in Federal Court

NHIC asserts the state action must be dismissed pursuant to Alabama's abatement statute, emphasizing that it filed this action first. See Ala. Code § 6–5–440 (1975); (Doc. 50, p. 2). NHIC further argues Defendants must file their claims "against NHIC in the state action" as compulsory counterclaims in federal court. (Doc. 45, p. 8). Alabama's abatement statute "stands for the proposition that a person cannot prosecute two suits at the same time, for the same cause against the same party." Johnson v. Brown–Service Ins. Co., 307 So. 2d 518, 520 (Ala. 1974). The statute treats a defendant asserting a counterclaim as a plaintiff and thus may bar that defendant from asserting the same claim in another, simultaneous or later lawsuit. Penick v. Cado Sys. of Cent. Ala. Inc., 628 So. 2d 598, 599 (Ala. 1993) (holding a compulsory counterclaim is an action for abatement statute purposes).

---

answer motion to dismiss raising an omitted defense that could have been presented in the first motion to dismiss).
3     Alabama Code Section 6-5-440 (1975) provides: No plaintiff is entitled to prosecute two actions in the courts of this state at the same time for the same cause and against the same party. In such a case, the defendant may require the plaintiff to elect which he will prosecute, if commenced simultaneously, and the pendency of the former is a good defense

4

The abatement statute argument is not for this Court to decide. Am. Cas. Co. of Reading, Pa. v. Skilstaf, Inc., 695 F. Supp. 2d 1256, 1260 (M.D. Ala. 2010) (for a district court sitting in diversity, Alabama's abatement statute does not control the decision to retain or dispose of the litigation).[4] Rather, the state court is responsible for determining whether the abatement statute is applicable to the state action. This Court must only consider the abatement statute if it creates a procedural bar to any state claims. L.A. Draper & Son v. Wheelabrator-Frye, Inc., 735 F.2d 414, 430 (11th Cir. 1984) (in a case based on federal question jurisdiction, district court erred when it did not consider Alabama's abatement statute as a procedural bar before dismissing state claims). Additionally, NHIC's argument is speculative; it assumes the state court will dismiss the state action. (Doc. 45, p. 8); Ex parte Compass Bank, 77 So. 3d 578, 582 – 86 (Ala. 2011) (collecting cases, discussing how state courts have applied the abatement statute at various stages of state proceedings). For these reasons, the Court first considers whether exercising jurisdiction over the case is appropriate. If the Court decides to dismiss the case,

---

to the latter if commenced at different times.

4     Two Southern District of Alabama cases, Simmons v. Pulmosan Safety Equip. Corp. Inc., et. al., 471 F. Supp. 999 (S.D. Ala. 1979), and Cent. Reserve Life Ins. v. Kiefer, 211 F.R.D. 445 (S.D. Ala. 2002), previously concluded a federal action can be abated in favor of a state action based on Alabama Code § 6–5–440. Those cases relied on an Illinois statute to support the argument that Alabama's abatement statute applied to federal district courts sitting in diversity. In 2003, however, the Seventh Circuit Court of Appeals expressly held a federal court sitting in diversity should not apply Illinois's abatement statute, gutting the short line of Illinois cases on which this Court previously relied. After reviewing the relevant case law, this Court agrees with the Middle District of Alabama's analysis regarding whether Alabama's abatement statute determines abstention for federal district courts sitting in diversity in this state. See Id. at 1258 – 60. It does not. The federal district court must, however, consider the abatement statute if it creates a procedural bar to certain state claims. See, e.g., L.A. Draper & Son, 735 F.2d at 430 (district court may have erred by dismissing action if statute of limitations had run on state claims, and plaintiff could not

then it must determine whether the abatement statute creates a procedural bar for any state claims.

## 2. The Court should abstain from exercising jurisdiction.

The Declaratory Judgment Act is an enabling Act that "confers a discretion on the courts rather than an absolute right upon the litigant." Wilton v. Seven Falls Co., 515 U.S. 277, 287 (1995) (citations and quotations omitted). It only gives the federal courts competence to make a declaration of rights; it does not impose a duty to do so. Brillhart v. Excess Ins. Co. of Am., 316 U.S. 491, 497 (1942). In fact, "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties." Id. at 495. In determining how to exercise the discretion provided by the Declaratory Judgment Act, it bears noting "[t]he desire of insurance companies ... to receive declarations in federal court on matters of purely state law has no special call on the federal forum." Pa. Nat'l. Mut. Cas. Ins. Co. v. King, 2012 WL 280656, at *2 (S.D. Ala. Jan. 30, 2012) (citation and quotation omitted).

In Ameritas Variable Life Ins. Co. v. Roach, the Eleventh Circuit listed factors for district courts to consider when faced with a federal declaratory action and a parallel state court action. 411 F.3d 1328, 1331 (11th Cir. 2005). Those factors include:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

---

bring claims earlier in state court because of abatement statute).

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing"—that is, to provide an arena for a race for *res judicata* (claim preclusion) or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underlying factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action. Id.

Because a declaratory action is before this Court and a similar action is pending in state court, Ameritas guides our analysis.

### a. Parallel Suits

Before applying the Ameritas factors, the Court considers whether there is a "parallel" proceeding in state court. Generally, "[s]uits are parallel if substantially the same parties litigate substantially the same issues in different forums." Scottsdale Ins. Co. v. Detco Indus., Inc., 426 F.3d 994, 997 (8th Cir. 2005) (citation and quotation omitted); see also Essex Ins. Co. v. Foley, 2011 WL 290423, at *2 n. 4 (S.D. Ala. Jan. 27, 2011). In its complaint, NHIC seeks a determination of its obligations to fund the judgment awarded to Hill against All Crane, TEK, and SMP. (Doc. 45, p. 3). Defendants similarly seek a determination of NHIC's funding obligations in their state action, and allege seven other counts against NHIC and SMP stemming from the underlying Hill case. (Doc. 40, Exh. 3, pp. 11 – 17).

First, the Court examines the parties in both cases. SMP is not involved in the federal case, but it is a party to the state action. Defendants unsuccessfully tried to join SMP as a party to the federal action before proceeding in state court. (Doc. 32). Because SMP is the only party absent from this case, the Court concludes substantially the same parties are present in both cases.

Second, the Court examines the issues raised in both proceedings. The issues in the federal action concerning insurance coverage and apportioning the verdict are raised in the state action as well. The state action is broader and includes other claims. NHIC does not dispute that the proceeding in state court covers the same issues; indeed, NHIC acknowledges Defendants filed a "mirror-image declaratory judgment action in state court." (Doc. 45, p. 25). NHIC instead argues that once the state court dismisses the action pursuant to Alabama's abatement statute, a

8

parallel proceeding will cease to exist. (Doc. 45, p. 20). NHIC asks this Court to rely on an event that has yet to take place, i.e., the state court dismissing the state action. This Court does not practice tasseography; it takes the case as it currently stands. Accordingly, there is a parallel state action concerning insurance coverage and apportioning the Hill verdict among the parties. Because there is a parallel proceeding in state court involving substantially the same parties and the same insurance coverage and apportionment issues, the Court now turns to the Ameritas factors.

### b. State interest in having the issues decided in state court

The first Ameritas factor weighs in favor of abstention. The underlying case, litigated in state court, involves Alabama tort law. NHIC concedes Alabama law also applies to its policy and the lease agreement at issue. (Doc. 45, p. 22). Although the parties involved here have interests in Ohio and Mississippi, among other places, the complaints raise questions of Alabama law concerning an insurance contract and a lease agreement related to an Alabama facility where several Alabamians work. See Lexington Ins. Co. v. Rolison, 434 F. Supp. 2d 1228, 1239 (S.D. Ala. 2006) (abstention proper where case involved an insurance contract issued to an Alabama business in the state of Alabama, and questioned whether a party engaged in improper claims-handling and settlement practices regarding an Alabama judgment). Moreover, Alabama law promotes direct action against insurers as the appropriate remedy to resolve indemnity issues, not declaratory judgments. Ala. Code. § 27–23–2 (1975); Assurance Co. of Am. v. Legendary Homebuilders, Inc., 305 F. Supp. 2d 1266, 1266–71 (S.D. Ala. 2003); McMillian–

9

Bloedel, Inc. v. Fireman's Ins. Co. of Newark, N.J., 558 F. Supp. 596, 599–600 (S.D. Ala. 1983). This factor favors abstention.

### c. Settling the controversy through declaratory judgment

The controversy will not be settled through declaratory judgment. For this factor, NHIC again asks this Court to assume the state court will dismiss the parallel state action. (Doc. 45, p. 23). NHIC contends that after the state action is dismissed, only this remaining action can settle the controversy. Such logic is inherently flawed, as this Court cannot predetermine how the state court is going to rule. See Westchester Surplus Lines Ins. Co. v. Romar H. Ass'n, Inc., 2008 WL 5412937 at *4 (S.D. Ala. Dec. 29, 2008).

This factor points to abstention because this action is narrower than the state action and it does not include SMP as a party. NHIC correctly points out "this Court has already concluded SMP is not a necessary party for determining whether the lease is an insured contract under the NHIC policy." (Doc. 45, p. 24, n. 10). That is certainly true, but whether an action must be dismissed for failure to join a necessary party is a different inquiry than whether the factors set forth in Ameritas favor abstention. Rule 19 of the Federal Rules of Civil Procedure provides the framework for determining whether a party is necessary or indispensable for a particular action. See Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1344 (11th Cir. 2011). In contrast, Ameritas guides the Court to consider several factors when confronted with a federal declaratory action and a parallel state action, while reinforcing the notion that the Declaratory Judgment Act does not compel federal courts to exercise jurisdiction. 411 F.3d at 1330 (citing Wilton, 515 U.S. at 282).

When Defendants moved this Court to dismiss for failure to join a necessary party (Docs. 19, 22, 23, 27, 28), a parallel state proceeding did not exist, and the Court performed a limited inquiry into the possibility of inconsistent obligations between the declaratory judgment and the underlying Hill lawsuit.[5] (Doc. 32). As this Court made its decision regarding SMP pursuant to Rule 19, Defendants filed their parallel action in state court. The Court recognizes the timing complexities, and that adding SMP as a party to this action may have foreclosed the state action. Of course the Court ultimately found this action could move forward without SMP (Doc. 32), but now it is faced with a different question: whether it should abstain from hearing the case in light of Ameritas. Here, NHIC's argument that this Court already determined SMP is not a necessary party for Rule 19 purposes does not explain how this declaratory action will resolve all of Defendants' allegations, including claims of conspiracy, false statement, negligence, and fraud, in the parallel state proceeding. NHIC argues Defendants' "state court claims against SMP are effectively before this Court," (Doc. 45, p. 23), but SMP is not a party to this action. Nor does NHIC acknowledge the burden Defendants face if two lawsuits proceed. This factor weighs in favor of abstaining.

### d. Clarifying the legal relations

This federal declaratory action would help clarify the legal relations at issue. But a decision in an Alabama court would also clarify the legal relations between the parties. Thus the pending claims in state court are in an "equally advantageous

---

5    Defendants filed their state action on June 20, 2014, with CIC intervening on August 8, 2014. In this case, the magistrate judge provided the report and recommendation

11

position to clarify the parties' legal relations." Progressive Specialty Ins. Co. v. Bailey, 2006 WL 2091749 at * 3 (S.D. Ala. July 25, 2006). As such, this factor weighs little in favor of exercising federal jurisdiction.

### e. Declaratory remedy as "procedural fencing"

The fourth factor asks whether either party used the declaratory judgment action for forum-shopping purposes. Federal courts discourage parties from using the Declaratory Judgment Act for "racing to the courthouse." See, e.g., Clark Const. Group, LLC v. Travelers Excess & Surplus Lines Co., 470 F. Supp. 2d 1350, 1353 (M.D. Fla. 2006) (finding race to the courthouse improper and dismissing action). And, when faced with parallel proceedings, courts should not necessarily favor one case over the other based merely on which case is filed first. Triple S Refining Corp. v. Mount Canaan Full Gospel Church, 254 Fed. App'x 762, 762 ("That the action in state court was filed after the federal complaint . . . is of no moment.") (citing Ameritas, 411 F.3d at 1329–32)).[6]

For this factor, Defendants and NHIC both say the other is guilty of procedural fencing. (Doc. 40, p. 22; Doc. 45, p. 25). Defendants argue NHIC is seeking a federal arena for *res judicata*. (Doc. 40, p. 22). NHIC argues Defendants engaged in procedural fencing by "filing a mirror-image declaratory judgment action in state court in an effort to delay resolution of these issues." (Doc. 45, p. 25). There

---

on June 25, 2014 (Doc. 31), and this Court adopted the report on July 15, 2014. (Doc. 32).
6    A number of district courts have found that the Ameritas factors weighed heavily in favor of abstention and dismissed federal declaratory actions filed by liability insurers where the insured subsequently filed a declaratory action in state court, either as a third-party complaint in the liability action or as a separate suit. See, e.g., Natl. Trust Ins. Co. v. Lower Dixie Timber Co., Inc., 2014 WL 4187471, *5 n. 5 (S.D. Ala. Aug. 22, 2014) (collecting

12

are some indications that both sides are racing to dismiss the other's action. On balance, both Defendants and NHIC raise valid arguments for this factor, so it does not weigh in favor of abstention.

### f. Friction between federal and state courts

Because of the procedural posture of this case, this factor favors declining federal jurisdiction. NHIC again argues that the state court action will be dismissed, therefore "there is no potential for friction." (Doc. 45, p. 27). Currently, identical claims for declaratory relief exist between the parties in state and federal court. This creates an "inherent tension" between the two courts as the outcome of the controversy depends on which court rules first. See Canal Ins. Co. v. Morgan, 2007 WL 174387, at *3 (S.D. Ala. Jan. 19, 2007).

### g. Alternative remedy that is better or more effective

This factor also favors abstention. Defendants assert that it can settle its claims against NHIC and SMP in state court, whereas SMP is not a party to this action. Further, Defendants state "SMP has not stipulated that NHIC represents its interests." (Doc. 40, p. 26). NHIC conversely posits that there is not "an alternate remedy available" because the Alabama court cannot consider Defendants' claims after they are abated. (Doc. 45, p. 27). Yet, the state action remains pending in that court. This Court, therefore, believes there is the potential for double-tracked litigation in two courts. Amerisure Mut. Ins. Co. v. Paragon Const. & Dev., Inc., 2007 WL 2893404, *3 (M.D. Ala. Sept. 28, 2007) ("It is the wiser course to have these issues determined together rather than allowing piecemeal, fractured

---

cases).

litigation to emerge between the federal and state courts."). Accordingly, litigating the coverage issues and related claims in the state action is a better remedy than rendering a decision in this declaratory action.

### h. Whether the state trial court is in a better position to evaluate factual issues

The state trial court is undoubtedly in a better position to evaluate factual issues. The Circuit Court of Mobile County has lived with the underlying Hill case since 2010. Factual determinations for potential coverage issues may depend on the role of each party at the TK plant. Even though NHIC argues there are no factual determinations to be made, the state court is still in a better position to hear the declaratory judgment action because it is familiar with the facts of the liability action. See Canal Ins. Co. v. Morgan, 2007 WL 174387, at *4 ("Rather than having two courts duplicate effort in scrutinizing and assessing the underlying facts, a far more sensible and efficient approach is for the state court that is already tasked with examining those facts in the underlying case to apply those same facts to the pending claims for declaratory relief."). Accordingly, this factor weighs in favor of abstention.

### i. Close nexus between the underlying factual and legal issues, state law, or public policy

The state court complaint raises "exclusively state law issues and implicates exclusively state law public policies, with no reference whatsoever to federal common or statutory law." Rolison, 434 F. Supp. 2d at 1242; see also Fed. Reserve Bank of Atlanta v. Thomas, 220 F.3d 1235, 1247 (11th Cir. 2000) ("A court may

exercise its discretion to dismiss a declaratory judgment action in favor of a pending state court proceeding that will resolve the same state law issues."). NHIC admits, "[r]esolution of this action will require application of Alabama law regarding contract interpretation and insurance coverage." (Doc. 45, p. 29). Thus, this factor weighs in favor of abstention.

### 3. Ameritas factors weigh in favor of abstaining, and Alabama's abatement statute is not a procedural bar.

In sum, the Ameritas factors weigh in favor of declining jurisdiction over this declaratory action. Abstention will promote the interests of practicality and efficient judicial administration because the same state law issues presented in this declaratory action are pending in a parallel state court proceeding, this action includes only a portion of the matters before the state court, and all parties in this action have the opportunity to litigate all legal issues in the parallel proceeding. See Canal Ins. Co. v. Morgan, 2007 WL 174387, at *4. Thus, the court must now determine whether dismissal or a stay of this action is appropriate.

Neither Defendants nor NHIC have suggested there would be any risk of a time bar with respect to the claims asserted here. Id. at *5 (deciding to dismiss rather than stay a case because there was no showing "that a time bar might thwart the insurer's attempt to bring a declaratory judgment action if the state case, for any reason, fail[ed] to resolve the matter in controversy" and "granting a stay might create incentives for forum-shopping and piecemeal litigation, as the insurer might seek to derail litigation of the coverage claims in the state court action in hopes of ligating those matters in federal court following the lifting of the stay."). Similarly,

15

at this juncture, Alabama's abatement statute does not bar the state claims, a concern this Court must address before deciding to dismiss the action. See, e.g., L.A. Draper & Son, 735 F.2d at 430. Although NHIC argues the state action must be abated in favor of this action regardless of whether it is dismissed or stayed (Doc. 50, p. 3), the Court disagrees. See Ex parte Norfolk S. Ry. Co., 992 So. 2d 1286, 1291 (Ala. 2008) (holding that when a federal court abstains from hearing a case, that is not considered an action being prosecuted for purposes of § 6–5–440, and observing respondents would otherwise have no forum in which to present their claims). Based on these considerations and in the absence of any countervailing arguments by the parties, this action is dismissed rather than stayed.

## CONCLUSION

In light of the foregoing, Defendants' motion to dismiss is **GRANTED** (Doc. 39). The alternative motions to stay (Docs. 39 & 45) are **DENIED as MOOT.**

**DONE** and **ORDERED** this 9th day of October, 2014.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE